**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:                                                            :
                                                                  :   Chapter 13
VAN E. JOHNSON,                                                   :
                                                                  :   Case No. 09-49420-ESS
                                        Debtor.                   :
-------------------------------------------------------------------x
                                                                  :
VAN E. JOHNSON,                                                   :
                                                                  :
                                        Plaintiff,                :
                                                                  :   Adv. Proc. No. 13-01445-ESS
                      -against-                                   :
                                                                  :
WELLS FARGO BANK, N.A. d/b/a                                      :
AMERICA'S SERVICING COMPANY,                                     :
BANK OF AMERICA, NATIONAL ASSOCIATION,   :
AS TRUSTEE FOR MORGAN STANLEY                                    :
TRUST 2006-6AR, MORGAN STANLEY                                   :
CAPITAL I INC., MORGAN STANLEY & CO.,                            :
MORGAN STANLEY MORTGAGE CAPITAL INC.,  :
IDEAL MORTGAGE BANKERS D/B/A                                     :
LEND AMERICA, KR MANAGEMENT LLC,                                :
MALCO REAL ESTATE INC., AND                                     :
JOHN AND JANE DOES 1 THROUGH 10                                 :
                                                                  :
                                        Defendants.               :
-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WELLS FARGO BANK, N.A. AND BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION TO DISMISS AMENDED COMPLAINT

HOGAN LOVELLS US LLP
David Dunn
Brian Grieco
875 Third Avenue
New York, NY 10022
Telephone:  (212) 918-3000
Facsimile:  (212) 918-3100

*Attorneys for Defendants Wells Fargo Bank, N.A. and Bank of America, National Association, as Trustee for Morgan Stanley Loan Trusts 2006-6AR*

# TABLE OF CONTENTS

**Page**

STATEMENT OF UNDISPUTED FACTS ........................................................................2

      A.     The Mortgage Loan.................................................................................2

      B.     Procedural History .................................................................................3

              (i)      The Chapter 13 Case .......................................................3

              (ii)     The First Adversary Proceeding .....................................4

              (iii)    The Second Adversary Proceeding..................................4

      C.     This Adversary Proceeding and the Complaint .........................5

ARGUMENT ..............................................................................................................6

    I.       LEGAL STANDARD FOR MOTION TO DISMISS.............................................6

    II.     PLAINTIFF FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST WELLS FARGO OR THE TRUST ..........................................................................................7

      A.     Plaintiff's Claims of Discrimination..........................................7

      B.     Plaintiff's Section 6-l Claims.....................................................8

    III.    AS THIS ACTION APPEARS TO BE JUST ANOTHER OBJECTION TO THE TRUST's CLAIM, IT MUST BE DISMISSED AS A MATTER OF LAW .................................................8

      A.     An Objection to a Proof of Claim is Not Timely Unless Filed Prior to the Confirmation of a Chapter 13 Debtor's Plan ......................................................................................8

      B.     This Chapter 13 Case Was Filed More Than Four Years Ago and This Court Should Not Allow Plaintiff to Continue Using This Chapter 13 Case to Assert Repetitive and Frivolous Claims .................................................................9

    IV.    ALL OF PLAINTIFF'S SECTION 6-l CLAIMS MUST BE DISMISSED AS A MATTER OF LAW .............................................10

      A.     All of Plaintiff's Claims Regarding Section 6-l are Barred by the Applicable Statute of Limitations Set Forth in Section 6-l ...............................................................................10

B.     The Mortgage Loan at Issue is not a High Cost Home Loan Pursuant to the Thresholds Set Forth in Section 6-l ..................................12

     (i)     The Annual Percentage Rate Threshold ........................................12

     (ii)     The Points and Fees Threshold......................................................13

CONCLUSION.....................................................................................................................16

\\NY - 080945/001230 - 2867287 v4

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Gen. Home Equity, Inc. v. Gjura,*
 No. 102365/09, 2010 WL 2984344 (Sup. Ct. Richmond Cnty. July 16, 2010)......................15

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009)...........................................................................................................6

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd,*
 493 F.3d 87 (2d Cir. 2007)................................................................................................6

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007)..........................................................................................................6

*In re Justice Oaks II, Ltd.,*
 898 F.2d 1544 (11th Cir. 1990) .......................................................................................9

*In re Starling,*
 251 B.R. 908 (Bankr. S.D. Fla. 2000)..............................................................................9

*Joseph v. Northwood Grp., LLC,*
 No. 08 Civ. 3644 (NRB), 2009 WL 2252336 (S.D.N.Y. July 23, 2009)..................................6

*Pisani v. Westchester Cnty. Health Care Corp.,*
 424 F. Supp. 2d 710 (S.D.N.Y. 2006)..............................................................................3

*Universal Am. Mortg. Co. v. Bateman (In re Bateman),*
 331 F.3d 821 (11th Cir. 2003) .........................................................................................9

*Webster v. Wells Fargo Bank, N.A.,*
 No. 08 Civ. 10145, 2009 WL 5178654 (S.D.N.Y. Dec. 23, 2009).........................................3

STATUTES

11 U.S.C. § 108(a) ...............................................................................................................11

15 U.S.C. § 1605(a) .............................................................................................................14

15 U.S.C. § 1605(a)(1)-(4)....................................................................................................13

12 CFR § 226.4(c)(7)(v) .......................................................................................................14

12 CFR § 226.4(c)(7).............................................................................................................15

N.Y. Banking Law § 6-l(1)(f) ...............................................................................................14

iii

N.Y. Banking Law § 6-l(1)(f) ........................................................................................13, 14, 15

N.Y. Banking Law § 6-l(1)(f), (h) ...............................................................................................15

N.Y. Banking Law § 6-l(1)(g)(i) ............................................................................................12, 13

N.Y. Banking Law § 6-l(1)(g)(ii) ................................................................................................13

N.Y. Banking Law § 6-l(6) .....................................................................................................10, 11

N.Y. Banking Law § 6-l(11) ........................................................................................................11

N.Y. Banking Law §§ 6-l(11) and (13)........................................................................................11

N.Y. Banking Law § 6-l(13) ....................................................................................................8, 11

Defendants Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo") and Bank of America, National Association, as Trustee for Morgan Stanley Loan Trusts 2006-6AR (the "Trust," together with Wells Fargo, the "Defendants"), submit this memorandum in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to dismiss Plaintiff Van E. Johnson's ("Plaintiff") Amended Complaint Objecting to the Proof of Claim and for Declarative Judgment and Rescission of Lien, dated October 4, 2013 (the "Complaint" or "Compl.").

## PRELIMINARY STATEMENT

After extensive unsuccessful litigation in this *four year old* chapter 13 case -- including *two* prior adversary proceedings that raised the same issues as the instant case -- Plaintiff now seeks to use his chapter 13 case to commence yet another action against the lender and servicer of his mortgage loan and others.

As in the two prior adversary proceedings that were dismissed, Plaintiff attempts to assert claims of discrimination against the originator of this loan – Ideal Mortgage Bankers, Ltd. d/b/a Lend America ("Lend America") -- and claims for violation of Section 6-l of New York Banking Law ("Section 6-l").  Plaintiff should no longer be permitted to use this Court to pursue such frivolous litigation, and, as discussed below, all of Plaintiff's claims must be dismissed.

*First*, even if the allegations in the Complaint are deemed true, all of Plaintiff's allegations assert no sustainable claim against Wells Fargo or the Trust, and the Complaint must be dismissed as against them.

*Second*, to the extent this action amounts to yet *another* objection to the Trust's proof of claim filed in Plaintiff's chapter 13 case, as Plaintiff attempts to categorize it, such objection is

untimely since Plaintiff's chapter 13 plan was already confirmed over a year ago by order of this Court.  Further, Plaintiff should not be permitted to raise these issues as an objection to claim almost four years after the Trust filed its proof of claim; Plaintiff had ample opportunity to raise these issues.

*Lastly*, even if this Court concludes that Plaintiff has adequately plead a claim under Section 6-l, such claim is barred since the applicable six-year statute of limitations has run and the provisions of Section 6-l that are without time limitation expressly do not apply to this action. Moreover, the mortgage loan at issue does not meet the definition of a "high cost home loan" because neither of the threshold tests under Section 6-l -- the so-called "APR" threshold and "points and fees" threshold – are met, and therefore no claim can be asserted under that section.

## STATEMENT OF UNDISPUTED FACTS

### A.    The Mortgage Loan

On January 24, 2006, Plaintiff obtained a mortgage loan (the "Loan") from Lend America by executing an adjustable rate note in the principal amount of $281,200.00 (the "Note") secured by a mortgage (the "Mortgage") on Plaintiff's property located at 128 Howard Avenue, Brooklyn, New York.  (Chapter 13 ECF No. 65, Ex. A, ¶ 3.[1])  The Note, endorsed in blank, and the Mortgage were subsequently assigned and physically delivered to the Trust. (Chapter 13 ECF No. 65, Ex. A, ¶¶ 4-5.)

---

[1] References to Chapter 13 ECF Numbers refer to docket entries in Plaintiff's pending chapter 13 case, titled *In re Johnson,* Case No. 09-49420-ESS.

On January 24, 2006, at closing, Plaintiff signed a Federal Truth-In-Lending Disclosure Statement (the "TILA Statement") and executed the Note.[2]  The TILA Statement states that the Loan carried a 7.144% annual percentage rate.  (*See* Schiavo Decl., Ex. A.)

## B.    Procedural History

### (i)    *The Chapter 13 Case*

On October 27, 2009 (the "Petition Date"), Plaintiff commenced a case under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").  (Compl. ¶ 9.)

On or about December 30, 2009, the Trust, as a secured creditor, filed a proof of claim in the amount of $288,794.92 (the "Proof of Claim").  (Compl. ¶ 20.)  The Proof of Claim was filed by Wells Fargo, the servicer of the Loan for the Trust.  (Chapter 13 ECF Claim No. 2-1.)

Plaintiff filed his first proposed chapter 13 plan on or about November 25, 2009.  (Chapter 13 ECF No. 15.)  This proposed plan failed to provide for payment of the pre-petition arrears set forth in the Proof of Claim, so the Trust filed an objection to confirmation of the plan on January 5, 2010.  (Chapter 13 ECF No. 20.)

After six unsuccessful attempts at confirming a chapter 13 plan and **33 months** after filing his original chapter 13 plan, on August 29, 2012, Plaintiff filed his Seventh Amended Plan (the "Seventh Amended Plan").  (Chapter 13 ECF No. 122.)

On September 18, 2012, this Court confirmed the Seventh Amended Plan (the "Confirmation Order").  (Chapter 13 ECF No. 124.)

---

[2] A copy of the TILA Statement and the Note are attached as Exhibits A and B to the Declaration of Nicole E. Schiavo, dated January 25, 2013 (the "Schiavo Decl."), submitted with Wells Fargo and the Trust's motion to dismiss in the Second AP (as defined below) and herewith.  On a motion to dismiss, this Court "may consider all documents attached to or incorporated by reference into the Complaint, documents Plaintiff[] possessed or knew of when bringing suit, and matters of which judicial notice may be taken."  *Webster v. Wells Fargo Bank, N.A.*, No. 08 Civ. 10145, 2009 WL 5178654, at *1 n.2 (S.D.N.Y. Dec. 23, 2009).  Courts may also consider "documents that are 'integral' to plaintiff's claims . . . ."  *Pisani v. Westchester Cnty. Health Care Corp.*, 424 F. Supp. 2d 710, 714 (S.D.N.Y. 2006) (internal citation omitted).  Because the Complaint references the annual percentage rate of the Loan and the terms of the Note (*see, e.g.,* Compl. ¶¶ 41-43), this Court may properly consider these documents on this Motion.

### (ii)    *The First Adversary Proceeding*

On or about June 13, 2010, Plaintiff commenced an adversary proceeding against, among others, Wells Fargo, the Trust and Lend America, titled *Johnson v. Ideal Mortgage Bankers, Ltd., et al.,* Adv. Proc. No. 10-01138-ESS (the "First AP"). (Chapter 13 ECF No. 26.) Through the First AP, Plaintiff alleged claims of discrimination by Lend America and others. (First AP ECF No. 1.)

On December 14, 2010, Wells Fargo and the Trust timely filed an answer to the complaint filed in the First AP and amended such answer on February 24, 2011. (First AP ECF Nos. 12, 15.)

On July 12, 2012, this Court entered an Order dismissing the First Action and the adversary proceeding was closed on August 24, 2012. (First AP ECF No. 39.)

### (iii)    *The Second Adversary Proceeding*

On or about September 27, 2012, subsequent to this Court's entry of the Confirmation Order, Plaintiff commenced another adversary proceeding against Wells Fargo, the Trust and Lend America, titled *Johnson v. America's Servicing Company, et al.,* Adv. Proc. No. 12-01282-ESS (the "Second AP"). (Chapter 13 ECF No. 126.) The only claims in the Second AP were claims that Plaintiff's mortgage loan is a "high cost home loan" as defined under Section 6-l and that there were violations of such law. (Second AP ECF No. 1.)

On January 25, 2013, Wells Fargo and the Trust filed a motion to dismiss the complaint in the Second AP (the "Motion to Dismiss") for many of the same reasons they are now moving to dismiss the Complaint in this action. (Second AP ECF Nos. 8-10.)

On March 5, 2013, this Court granted the Motion to Dismiss with leave for Plaintiff to replead and set **March 19, 2013** as the deadline by which Plaintiff must amend the complaint.

\\NY - 080945/001230 - 2867287 v4

As of April 25, 2013, no amended complaint was filed by Plaintiff and this Court entered an Order to Show Cause as to why the pre-trial conference should not be marked off this Court's calendar and the Second AP be closed.[3]  (Second AP ECF No. 17.)

On July 11, 2013, the Second AP was closed.

## C.    <u>This Adversary Proceeding and the Complaint</u>

On October 4, 2013 – over *one year* after this Court entered the Confirmation Order and more than *six months* after this Court's deadline for Plaintiff to file an amended complaint in the Second AP -- Plaintiff filed this Complaint.  Plaintiff describes the Complaint as another objection to the Proof of Claim.  (Compl. ¶ 1.)  The Complaint appears to seek a judgment against (i) Wells Fargo, (ii) the Trust, (iii) Morgan Stanley Capital I Inc., (iv) Morgan Stanley & Co., (v) Morgan Stanley Mortgage Capital Inc.[4], (vi) Lend America, (vii) KR Management LLC and (viii) Malco Real Estate Inc. (collectively, "<u>All Defendants</u>"): (1) declaring that All Defendants violated Section 6-l; (2) declaring the entire loan amount is uncollectible and the contracts it embodies as void; (3) declaring the acts and practices of All Defendants to be in violation of the Equal Credit Opportunity Act ("<u>ECOA</u>"), the Fair Housing Act ("<u>FHA</u>") and the Civil Rights Act ("<u>CRA</u>"); (4) return of all the monies paid by Plaintiff from the inception of the Loan including principal, interest and other charges with respect to the Loan; and (5) declaring the rescission of the Loan and removal of any lien on Plaintiff's residence.[5]  (Compl. at 28-29.)

---

[3] It appears that this Complaint may be Plaintiff's attempted amendment to the complaint in the Second AP more than six months after this Court's deadline to do so.  (Compl. ¶ 9.)

[4] For the purposes of this Complaint, Morgan Stanley Capital I Inc., Morgan Stanley & Co. and Morgan Stanley Mortgage Capital Inc. will be referred to as the "<u>MS Defendants</u>."

[5] Plaintiff also seeks an award of legal fees – but he cannot even state a proper claim, so no such entitlement can be made out.  The Defendants expressly reserve all rights to seek fees and costs against Plaintiff.

## **ARGUMENT**

### I.    **LEGAL STANDARD FOR MOTION TO DISMISS**

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules, made applicable by Rule 7012 of the Bankruptcy Rules, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a court must accept all factual allegations in the complaint as true and draw all inferences in plaintiff's favor, a claim must be "plausible on its face" to survive a motion to dismiss.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555-57).  To survive a motion to dismiss for failure to state a claim, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns*, *Inc. v. Shaar Fund, Ltd*, 493 F.3d 87, 98 (2d Cir. 2007) (citing *Twombly,* 550 U.S. at 555).

The Supreme Court has further defined the pleading requirements for a valid complaint, setting forth a two-step inquiry to determine whether claims survive scrutiny in the context of a 12(b)(6) motion.  *See Ashcroft,* 556 U.S. at 680; *Joseph v. Northwood Grp., LLC,* No. 08 Civ. 3644 (NRB), 2009 WL 2252336, at *2 (S.D.N.Y. July 23, 2009).  First, the Court must reject bald allegations that are conclusory and, as a result, are "not entitled to the assumption of truth." *Northwood Grp., LLC,* 2009 WL 2252336, at *2 *(citing Ashcroft,* 556 U.S. at 680).  Second, the Court must examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."    *Northwood Grp., LLC,* 2009 WL 2252336, at *2 *(citing Ashcroft,* 556 U.S. at 681).

As explained below, because the Complaint fails to state a claim, it must be dismissed.

## II.    PLAINTIFF FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST WELLS FARGO OR THE TRUST

Through the Complaint, Plaintiff alleges that All Defendants violated various provisions of Section 6-l, the FHA, the ECOA and the CRA.  However, none of Plaintiff's allegations in the Complaint are sufficient to state a cause of action against Wells Fargo or the Trust with respect to any of these claims.

Plaintiff's claims can be separated into claims for discrimination (*e.g.,* under the CRA and ECOA) and claims for violation of New York's Section 6-l.  Plaintiff fails to state a claim upon which relief can be granted on either of these claims.

### A.    Plaintiff's Claims of Discrimination

Plaintiff's discrimination claims are directed at only Lend America and certain of the MS Defendants (Compl. ¶¶ 53-58, 62, 67), not against Wells Fargo or the Trust. Nor does Plaintiff so much as allude to how any of such discrimination claims could be asserted against Wells Fargo or the Trust.

For example, Plaintiff generically alleges that his discrimination claims are against All Defendants, however, Plaintiff's specific allegations of discrimination under the ECOA (Compl. ¶¶ 65-70), the FHA (Compl. ¶ 70) and the CRA (Compl. ¶¶ 72-77, 79-82) reference only Lend America and the MS Defendants and all of the facts alleged by Plaintiff relate to the origination of the Loan by Lend America.  (Compl. ¶¶ 52-63.)

Further, Plaintiff nowhere asserts how such discrimination claims could apply to the current owner of the Note and Mortgage (the Trust) or the servicer of the Loan (Wells Fargo), neither of which had any involvement in loan origination.

\\NY - 080945/001230 - 2867287 v4

### B.    Plaintiff's Section 6-l Claims

Plaintiff also fails to state a claim under Section 6-l.  Plaintiff alleges that Lend America violated Section 6-l (Compl. ¶ 31) and various allegations in the Complaint relate to this Section 6-l claim.  (Compl. ¶¶ 32-50.)  However, the only mention of Wells Fargo or the Trust is Plaintiff's allegation that "the other defendants are also liable under Section 6-l(13) as assignee of the loan."  (Compl. ¶ 49.)  That is insufficient to make out a claim under applicable law, and as against Wells Fargo and the Trust, the claim should be dismissed without more.

In any event, Section 6-l(13) states in full that:

> In any action by an assignee to enforce a loan against a borrower in default more than sixty days or in foreclosure, a borrower may assert any claims in recoupment and defenses to payment under the provisions of this section and with respect to the loan, without time limitations, that the borrower could assert against the original lender of the loan.

N.Y. Banking Law § 6-l(13).

Clearly, by its terms, this provision only deals with an **action** by the assignee to **enforce a loan** against a borrower and it allows the borrower to assert claims of **recoupment** and **defenses to payment**.  *See* N.Y. Banking Law § 6-l(13).  In the Complaint, Plaintiff fails to reference any such action to enforce a loan.  Further, Plaintiff is not asserting any claims in recoupment or defenses to payment through this action.  Even if this Court deemed this action a valid and timely objection to the Proof of Claim (which it is not as discussed in <u>Section III</u> below), an objection to a claim is not a claim for recoupment or a defense to payment.  For these reasons, all of Plaintiff's claims under Section 6-l as against Wells Fargo and the Trust must fail.

## III.    AS THIS ACTION APPEARS TO BE JUST ANOTHER OBJECTION TO THE TRUST'S CLAIM, IT MUST BE DISMISSED AS A MATTER OF LAW

### A.    <u>An Objection to a Proof of Claim is Not Timely Unless Filed Prior to the Confirmation of a Chapter 13 Debtor's Plan</u>

Even, assuming *arguendo*, that Plaintiff adequately states a claim against the Defendants

for which relief can be granted (which he did not), such claims are cast as an objection by Plaintiff to the Proof of Claim, and any such objection should be denied as untimely.

Through the Confirmation Order, which was signed by this Court on September 18, 2012, Plaintiff's Seventh Amended Plan was confirmed.  (Chapter 13 ECF No. 124.)  A debtor must file any objections to claims *prior* to the confirmation of a debtor's chapter 13 plan.  *See, e.g., Universal Am. Mortg. Co. v. Bateman (In re Bateman)*, 331 F.3d 821, 827 (11th Cir. 2003) ("Although [section 502(a) of the Bankruptcy Code] does not provide for a time limit to file an objection, it must be filed prior to plan confirmation."); *In re Starling*, 251 B.R. 908, 909–10 (Bankr. S.D. Fla. 2000) ("many courts have held that an objection to a proof of claim must be filed prior to confirmation of the plan."); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1553 (11th Cir. 1990) (an objecting party "waived their right to object by failing to object prior to confirmation of the plan.").

Thus, the Complaint, to the extent it is deemed an objection to the Trust's Proof of Claim, must be dismissed as untimely as these arguments were required to have been raised prior to confirmation of the Seventh Amended Plan.[6]

> **B.      This Chapter 13 Case Was Filed More Than Four Years Ago and This Court Should Not Allow Plaintiff to Continue Using This Chapter 13 Case to Assert Repetitive and Frivolous Claims**

It cannot be ignored that Plaintiff's chapter 13 case was filed on October 27, 2009 and the Proof of Claim at issue was filed shortly thereafter on ***December 30, 2009***.  In the First AP, which was filed on ***June 13, 2010***, Plaintiff raised many of these same discrimination arguments and that action was dismissed and closed on August 24, 2012.  In the Second AP, which was filed on ***September 27, 2012***, Plaintiff raised the exact same Section 6-l issues, and that action

---

[6] To the extent Plaintiff argues that certain of his claims were brought prior to confirmation of the Seventh Amended Plan, it should be noted that Plaintiff's Section 6-l claims were raised for the first time in the Second AP, which was filed subsequent to the confirmation of the Seventh Amended Plan.

9

was dismissed – and Plaintiff failed to adhere to this Court's deadline to replead -- and closed on July 11, 2013.

Based on these prior actions that were filed by Plaintiff and dismissed, and the fact that it has been almost **four (4) years** since the Proof of Claim was originally filed, Plaintiff should not be permitted to reassert now claims that could and should have been resolved in his chapter 13 case prior to confirmation.[7]  For these separate reasons, as a court of equity, this Court should dismiss the Complaint.

## IV.    ALL OF PLAINTIFF'S SECTION 6-l CLAIMS MUST BE DISMISSED AS A MATTER OF LAW

### A.    All of Plaintiff's Claims Regarding Section 6-l are Barred by the Applicable Statute of Limitations Set Forth in Section 6-l

Even if this Court were to conclude that Plaintiff sufficiently asserted a claim under Section 6-l as against Wells Fargo and/or the Trust (which he did not), and that he is permitted to do so as a timely objection to claim (which he should not), all such Section 6-l claims in the Complaint are untimely as a matter of law.  Pursuant to Section 6-l(6), a "private action against the lender . . . pursuant to this section must be commenced within **six years** of origination of the high-cost home loan."  N.Y. Banking Law § 6-l(6) (emphasis added).

This action was commenced by the filing of the Complaint on October 4, 2013.[8]  The Loan was originated on January 24, 2006, when Plaintiff obtained the Loan from Lend America and executed the Note and the Mortgage.  (Chapter 13 ECF No. 65, Ex. A, ¶ 3; Schiavo Decl., Ex. B.)

---

[7] It should be noted that it took Plaintiff almost *three years* to confirm his chapter 13 plan.

[8] The Complaint amended another complaint filed in this adversary proceeding, dated August 27, 2013, but, regardless of whether August 27, 2013 or October 4, 2013 is used as the operative date, the Section 6-l claim is not timely.

Thus, the statute of limitations as set forth in Section 6-l(6) expired on January 24, 2012 – well prior to the commencement of this adversary proceeding – and all claims in the Complaint must be dismissed on that separate basis.[9]

Further, the two limited provisions of Section 6-l that are without time limitation do not apply with respect to this particular action.  *See* N.Y. Banking Law §§ 6-l(11) and (13).  *First,* Section 6-l(11) states that "[u]pon a judicial finding that a high-cost home loan violates any provision of this section, whether such violation is raised **as an affirmative claim or as a defense**, the loan transaction may be rescinded,"  however, such provision specifically states that "[s]uch remedy of rescission shall be available as a **defense** without time limitation."  N.Y. Banking Law § 6-l(11) (emphasis added).  Plaintiff is not asserting a defense.  Plaintiff's claims are all affirmative claims for damages, rescission of the lien and other related relief.   (Compl. at 28.)  The applicable six year statute of limitations applies to affirmative claims for recession, which is the essence of Plaintiff's Complaint.

*Second,* Section 6-l(13) specifically states that "[i]n any action by an assignee to enforce a loan against a borrower in default more than sixty days or in foreclosure, **a borrower may assert any claims in recoupment and defenses to payment** under the provisions of this section and with respect to the loan, without time limitations, that the borrower could assert against the original lender of the loan."  N.Y. Banking Law § 6-l(13) (emphasis added).   Plaintiff also cannot rely on this provision to save him from the statute of limitations.  As discussed in <u>Section II(B)</u> above, there is no action by Wells Fargo or the Trust to enforce the Loan, and Plaintiff is not asserting any claims in recoupment or defenses to payment.  Plaintiff's only claim directly

---

[9] It should be noted that none of the bankruptcy tolling provisions of section 108 of the Bankruptcy Code apply to toll this statute of limitations (*e.g.*, section 108(a) tolls non-bankruptcy statute of limitations periods until the later of (a) the end of such non-bankruptcy limitations period or (b) two years from the Petition Date).  *See* 11 U.S.C. § 108(a).

against Wells Fargo and the Trust in the Complaint can be found in one statement in the Complaint -- "the other defendants are also liable under Section 6-l(13) as assignee of the loan." (Complaint ¶ 49.)  Thus, Plaintiff does not allege that his claims against Wells Fargo or the Trust are defenses to any action commenced by Defendants.

Thus, Plaintiff's Section 6-l claims are barred by the applicable limitations period and must be dismissed.

**B.**      **The Mortgage Loan at Issue is not a High Cost Home Loan Pursuant to the Thresholds Set Forth in Section 6-l**

In any event, Plaintiff's loan is not even one to which Section 6-l applies.  Section 6-l states two threshold tests by which a loan can be deemed a "high cost home loan" for the purposes of Section 6-l.  Plaintiff cannot show that the Loan meets either threshold, thus, the Section 6-l claims must be dismissed as a matter of law.

**(i)**      *The Annual Percentage Rate Threshold*

A home loan is high cost under New York law if the annual percentage rate ("<u>APR</u>") at consummation is **eight percentage points (8%)** above the applicable yield on treasury securities. *See* N.Y. Banking Law § 6-l(1)(g)(i) (defining APR threshold).

Plaintiff incorrectly references a 13.375% APR in the Complaint.  (Compl. ¶¶ 42-43.) Plaintiff argues that this rate should be used to calculate the APR threshold as it is the maximum rate that could apply to the Loan – which is an adjustable rate loan.  (Compl. ¶ 43.)  Rather, pursuant to Section 6-l(1)(g)(i), the appropriate benchmark is the APR set forth in the TILA Statement Plaintiff received and signed at closing on January 24, 2006.  (*See* Schiavo Decl., Ex. A.)

As evidenced by the TILA Statement, this Loan carried 7.144% APR at consummation. (*See* Schiavo Decl., Ex. A.)   Even assuming the Treasury securities yield set forth in the

Complaint is used (4.83%[10]), the Loan does not meet the threshold -- **7.144% (APR) is less than 12.83% [4.83% + 8.0%]**.

Plaintiff's argument for using the maximum rate seems to be based on the provision of Section 6-l that states to use the APR after an initial or introductory period, if any.[11]  The Note at issue is adjustable after the first five years (*see* Schiavo Decl., Ex. B), however, even if such period were deemed "initial or introductory," it would be impossible for the APR at the end of such period to be adjusted to be more than the "treasury yield plus 8%."  Thus, this loan cannot meet the APR threshold.

### (ii)     *The Points and Fees Threshold*

A home loan can also be a high cost loan if the "points and fees" exceed 5% of the loan. *See* N.Y. Banking Law § 6-l(1)(g)(ii) (defining points and fees threshold).

Plaintiff alleges that the points and fees total $23,578.86.  (Compl. ¶ 38.)  However, government recording fees, transfer taxes and insurance paid to third parties -- which Plaintiff includes incorrectly – must be excluded.  When those items are removed, Plaintiff's loan clearly cannot qualify.

Pursuant to Section 6-l(1)(f), "points and fees" are limited to:

    i.  All items listed in 15 U.S.C. § 1605(a)(1)-(4), which specifically lists (a) any amount payable under a point, discount, or other system or additional charges, (b) service or carrying charge, (c) loan fee, finder's fee, or similar charge, and (d) fee for an investigation or credit report;

---

[10] It is unclear why Plaintiff used 4.83% as it appears that the "yield on treasury securities having comparable periods of maturity to the loan maturity measured as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the lender" (N.Y. Banking Law § 6-l(1)(g)(i)) is **4.75%** (the 30-year yield on Treasury securities for December 15, 2005, the month preceding the month in which Plaintiff's mortgage application appears to have been received by Lend America).  However, as this is a motion to dismiss, Plaintiff's alleged rate will be used to demonstrate that the Loan does not meet the threshold.

[11] Section 6-l(1)(g)(i) also states that "if the terms of the home loan offer any initial or introductory period, and the annual percentage rate is less than that which will apply after the end of such initial or introductory period, then the annual percentage rate that shall be taken into account for purposes of this section shall be the rate which applies after the initial or introductory period."  N.Y. Banking Law § 6-l(1)(g)(i).

ii. All charges for items listed under section 226.4(c)(7) of title 12 of the code of federal regulations, "but only if the lender receives direct or indirect compensation in connection with the charge or the change is paid to an affiliate of the lender; otherwise, the charges are not included within the meaning of the phrase "points and fees"; and these items are specifically listed in section 226.4(c)(7) as (a) fees for title examination, abstract of title, title insurance, property survey, and similar purposes, (b) fees for preparing loan-related documents, such as deeds, mortgages, and reconveyance or settlement documents, (c) notary and credit report fees, (d) property appraisal fees or fees for inspection to assess the value or condition of the property if the service is performed prior to closing, and (e) amounts required to be paid into escrow or trustee accounts if the amounts would not otherwise be included in the finance change;

iii. All compensation paid directly or indirectly to a mortgage broker; and

iv. The cost of all premiums financed by the lender, directly or indirectly, for any credit life, credit unemployment, credit disability, or credit property insurance, or any other life or health insurance, or any payments financed by the lender directly or indirectly for any debt cancellation or suspension agreement or contract, except that insurance premiums calculated and paid on a monthly basis shall not be considered financed by the lender.

N.Y. Banking Law § 6-l(1)(f); 15 U.S.C. § 1605(a); 12 C.F.R § 226.4(c)(7).

Of the $23,578.86 total points and fees alleged by Plaintiff in the Complaint, at least **$14,774.00** (recording fees of $600.00, mortgage tax of $5,032.00, city, county and state transfer taxes of $4,921.00, hazard insurance of $1,179.00, and title insurance of $3,042.00) do not fall within the statutory definition of points and fees used to calculate whether the loan is "high cost." *See* N.Y. Banking Law § 6-l(1)(f). *First*, amounts paid for government recording and transfer charges, which include recording fees and city, county, state and mortgage taxes, are explicitly excluded from the list of points and fees in Section 6-l and, they are also further paid to third parties. *See* N.Y. Banking Law § 6-l(1)(f) (no reference to recording fees and transfer taxes paid directly to government taxing agencies); 12 CFR § 226.4(c)(7)(v) (the only possible reference to a tax would be for a property tax amount "required to be paid into escrow", which is not applicable to the transfer taxes at issue here); *Am. Gen. Home Equity, Inc. v. Gjura*, No.

14

102365/09, 2010 WL 2984344, at n. 9 (Sup. Ct. Richmond Cnty. July 16, 2010) ("A recording fee is usually paid to a third-party on behalf of the borrower/purchaser and is thus not included in the determination of whether the finance charge exceeds 5% of the loan amount."). *Second,* title insurance and hazard insurance are also not included as "points and fees" *unless* the lender receiver direct or indirect compensation, which this lender did not. *See* N.Y. Banking Law § 6-l(1)(f); 12 CFR § 226.4(c)(7); *Am. Gen.*, 2010 WL 2984344, at n. 8-9.

Deducting the amount of impermissible items from the maximum amount that could otherwise be counted toward meeting the points and fee threshold, the ***maximum*** amount of points and fees that should be used in calculating this threshold is $8,804.86 and the threshold cannot be met. More specifically, even if the points and fees alleged in the Complaint, removing ***only*** the amounts discussed above, application of the points and fees threshold formula demonstrates that the threshold is **<u>not</u>** met --

    A.   Plaintiff's Alleged Points & Fees = $23,578.86

    B.   Recording Fees, Taxes, Title and Hazard Insurance = $14,774.00

    C.   Maximum Points and Fees to Include (A minus B) = **$8,804.86**

    D.   Loan Amount ($281,200) minus (C) = $272,395.14

    E.   5% of (D) = **$13,619.76** (maximum allowable Points and Fees)

    F.   (C) is less than (E) – **THRESHOLD NOT MET**

Thus, the *total* "points and fees" paid at settlement of the Loan as defined under Section 6-l (even counting other fees not required to be included in the statutory calculation) – $8,804.86 – is over $4,800 below the amount that would be needed to reach 5% of the total loan amount. *See* N.Y. Banking Law § 6-l(1)(f), (h). Therefore, the Loan is not "high cost" under Section 6-l.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules and Rule 7012 of the Bankruptcy Rules, with prejudice, and grant such other and further relief as it deems appropriate.

New York, New York
November 6, 2013

Respectfully Submitted,

HOGAN LOVELLS US LLP

By:  /s/ Brian Grieco
       David Dunn
       Brian Grieco
       875 Third Avenue
       New York, New York 10022
       Telephone:  (212) 918-3000
       Facsimile:  (212) 918-3100

*Attorneys for Defendants Wells Fargo Bank, N.A. and Bank of America, National Association, as Trustee for Morgan Stanley Loan Trusts 2006-6AR*

\\NY - 080945/001230 - 2867287 v4