UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                  Chapter 13

       VAN E. JOHNSON,
                                                                                                           Case No. 09-49420-ESS
                                  Debtor.
-----------------------------------------------------------------x

       VAN E. JOHNSON,

                             Plaintiff,
                                                                                                                   Adv. Proc. No. 13-01445-ESS
-against- :

       WELLS FARGO BANK, N.A. d/b/a
       AMERICA'S SERVICING COMPANY,
       BANK OF AMERICA, NATIONAL ASSOCIATION,
       AS TRUSTEE FOR MORGAN STANLEY
       TRUST 2006-6AR, MORGAN STANLEY
       CAPITAL I INC., MORGAN STANLEY & CO.,
       MORGAN STANLEY MORTGAGE CAPITAL INC.,
       IDEAL MORTGAGE BANKERS D/B/A
       LEND AMERICA, KR MANAGEMENT LLC,
       MALCO REAL ESTATE INC., AND
       JOHN AND JANE DOES 1 THROUGH 10
:
                                       Defendants.
-----------------------------------------------------------------x

## RESPONSE TO THE DEFENDANTS, WELLS FARGO
## BANK, N.A. AND BANK OF AMERICA, NATIONAL ASSOCIATION,
## AS TRUSTEE'S MOTION TO DISMISS AMENDED COMPLAINT

**The debtor Plaintiff, Van Johnson (Johnson) through his counsel, Karamvir Dahiya of Dahiya Law Offices LLC respectfully submit the following in opposition to the motion by the aforesaid defendants.**

1.    Defendants Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo") and Bank of America, National Association, as Trustee for Morgan Stanley Loan Trusts 2006-6AR (the "Trust," together with Wells Fargo, the "POC Defendants") (POC referring to the Proof of Claim filers) moves this court for dismissal of the case by articulating incorrect law or twisting facts.

1

2.  To begin, the defendant improperly suggest that plaintiff was unsuccessful in his previous asserted claims or opposition to the Proof of Claim (POC). plaintiff debtor was never unsuccessful in the previous attempts. Actually the debtor was taken for a ride with false hope of loan modification. POC Defendants and their counsel Hogan Lovells (Hogan) misled the court. No modification was properly reviewed and or process, actually Hogan acted in bad faith in misleading the court on several occasion that they are waiting for additional documentations, more financial proofs etc. and once they had everything, they summarily rejected stating that the debtor did not have income to sustain a loan modification. The fact is that the debtor has more income than what he had when the defendants originated the loan to him. One wonder why and he was given such a loan, if he had not qualified. Further, the so called, "unsuccessful" status was achieved owing to Hogan's lack of good faith of mediation which was court's involuntary imposition, which had to result in nothing, for it produced nothing other than the mockery of the plaintiff by the defendants counsel who participated the mediation. The debtor and the undersigned were misled that the defendants would act in good faith and they will give assistance for loan modification. The delay in the entire controversy was caused by the complicit and unfair conduct of the POC Defendants and their counsels. Discovery also was not obtained for the sole reason that the defendants would look at this issue resolve it without having to incur expenses of seeking and responding to discovery. Different docket entries clearly tells what really transpired. The plaintiff debtor claims are subject to equitable tolling.

3.  The plan confirmation was not done promptly for the debtor has serious objection to the claims of the POC defendants. Though ultimately Chapter 13 trustee and this court left the debtor with no choice but either to have the underlying chapter case dismissed or plan confirmed. Court and the Chapter 13 trustee stated on the record that they would not wait for the outcome of the adversary proceeding to confirm the plan. That is also one of the reason why we are attending to the issue of the POC now. Also Hogan counsel Ms. Nicole Shavio stated in the court that debtor could oppose the POC after the confirmation of Plan. The issue of res judicata of the plan confirmation was raised in the court by the undersigned as we knew that the POC defendants would not raise this as a defense. Despite all objection and opposition including from the Chapter 13 trustee, debtor managed to have exception to res judicata carved out in the Chapter plan which was confirmed: Plan was confirmed without prejudice to the existing rights and claims of the debtor.

**POC Defendants are liable as the loan originator who worked under the stewardship of Morgan Stanley and as members of the same collective undertaking or enterprise as reflected in the Pooling and Servicing Agreement.**

4.  POC Defendants cannot disclaim responsibility, by claiming to be not a party to the transaction in the loan origination, especially when the defendants worked as an enterprise. All the defendants were involved the scheme that resulted in the discriminatory practices in the origination and serving of the loan. It worked as one enterprise. It is clear that where the original lender sells the loan to a wholesale lender, which, in turn, securitizes the loan, the ultimate holder, while being more remote from the wrongdoer of the original lender, is liable, particularly when the original lender was making the loans with specification of the purchasers. *England v. MG Invs. Inc.*, 93 F. Supp. 2 d 718 (S.D. W. Va. 2000) (original lender could be viewed as agent of the secondary purchaser where master loan purchase agreement contained detailed requirements for loans and a purchase commitment regarding loans that met these requirement, despite language in the agreement that attempted to create appearance of arms-length relationship between the two parties. Along with the Morgan Stanley, the POC Defendants were clearly involved in this enterprise of selling toxic loans and targeting the vulnerable minorities. *Aiello v. Chiski*, 2002 U.S. Dist. LEXIS 5858 (C.D. Cal. Jan. 10, 2002) (denying motion to dismiss of Lehman Bros.). *England v. MG Insvs. Inc.*, 93 F. Supp. 2d 718 (S.D. W. Va. 2000). See also *Short v. Wells Fargo Bank Minnestoa, N.A.*, 401 F. Supp. 2d 549 (SD W. Va. 2005) (issues of act regarding whether pooling and servicing agreement showed existence of joint venture among lender, loan servicer, and assignee). Discovery would reveal such an arrangement. Further, it is clear that that the common law rule is that an assignee is subject to all the defenses that the consumer could raise against the assignor. 9 Corbin, Corbin on contracts § 892 (interim ed. 2002); 29 Lord, Williston on Contract §§ 74.47, 74.49 (4th Ed. 2003); Farnsworth, Farnsworth on Contract § 11.8 (2nd ed. 1998); Restatement ( Second) of contract §336 (1981).

5.  POC Defendants are clearly liable for violation of civil rights of the debtor and Equal Credit Opportunity Act ("ECOA"), which states it is unlawful for "any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race." 15 U.S.C. § 1691(a). The ECOA defines the term "creditor" to mean, *inter alia*, "any assignee

of an original creditor who participates in the decision to extend, renew, or continue credit." *Id.* at § 1691a(e). Federal regulations promulgated under the ECOA confirm that the ECOA's definition of "creditor" includes participants in the secondary mortgage market such as Defendants Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo") and Bank of America, National Association, as Trustee for Morgan Stanley Loan Trusts 2006-6AR Morgan Stanley. *See* 12 CFR § 202.2(l) ("Creditor means a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit. The term creditor includes a creditor's assignee, transferee, or subrogee who so participates."); *see* 66 *also* Official Staff Commentary, 12 C.F.R. pt. 202, Supp. L § 202.2(l) (stating that a creditor may include "a potential purchaser of the obligation who influences the credit decision by indicating whether or not it will purchase the obligation if that transaction is consummated"). The Pooling and Servicing Agreement shows that the servicer and trustee clearly involved in this enterprise of raising new loans and selling the securities on such loans. It was one group, each aware of the other and working collectively.

**Objection to POC is timely**

6. POC Defendants wrongly claim that the objection to the POC is untimely as the plan is confirmed. Objection to POC is timely. There is a deadline to file claims. Rule 3002 (c)(5) extendable on request, 3002 (c)(6). However there is no deadline to file objection to claims. *In re Herrera .JPMorgan Chase Bank,* N.A., 369 B.R. 395,400 (E.D. Wis. 2007) ("[Fed. R. Bankr. P.] 3007 sets no bar date for objections.") (citing *In re Kolstad,* 928 F.2d 171, 174 (5th Cir.1991), cert. denied, 502 U.S. 958 (1991); *In re Consolidated Pioneer Mortgage,* 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995), affd, 91 F.3d 151 (9th Cir. 1996)). As long as the claim is being paid or enforced, the right to object does not extinguish. Claims and objections is parri-passu. See *Morton v. Morton (In re Morton),*298 B.R. 301, 309-10 (B.A.P. 6th Cir. 2003) ("Neither the Bankruptcy Code nor the Bankruptcy Rules contain a bar date or deadline for filing objections to claims in a chapter 13 case and we will not read one into the law where none exists.").

**Plan Confirmation does not bar nor it is a res judicata to the claims asserted here.**

7. It is highly disingenuous on Hogan part to disclaim any responsibility for this predicament. Hogan's counsel openly declared in the court that the plan be confirmed and the

debtor be allowed to raise his objection afterward. She cannot renege out of that now. The POC Defendants are collaterally estopped from reneging out of their commitment to the Court, their counsel stated on the record that the debtor can continue to challenge the POC even after the confirmation. Further, the Plan confirmed by the court, preserved the claims. The Chapter 13 plan is clear that it is without prejudice to the rights and claims of the debtor.

8.    The case against the POC Defendants is subject to equitable tolling, as the plaintiff debtor took steps towards informing the defendants about the nature of the loan and voidance of lien. Debtor can challenge the validity of the lender's lien affirmatively *through a quite title suit, again regardless of the passage of time. Ricotta* v. Ocwen Loan Servicing, LLC 2008 WL 516674 )D. Colo. Feb. 22, 2008) ( denying lender's motion for summary judgment on borrower's quiet title claim where borrower rescinded loan the day after consummation but made payments for more than three years; genuine issue of material fact whether relief sought, disgorgement of payments, is TILA damages claim subject to statutory time limits).

## New York Banking law allows objection to claims without time limit

9.    POC Defendants asserts that the POC objection and claim for rescission of lien is time barred. Law is to the contrary. Limitation as set forth in Section 6-l of the New York Banking law permits this objection to Proof of Claim and Rescission of the Loan and Lien.

POC Defendants fails to appreciate the reach of Section 6-l. Section 6-l does not stop rather allows such a relief after 6 years:

> Upon a judicial finding that a high-cost home loan violates any provision of this section, whether **such violation is raised as an affirmative claim or as a defense,** the **loan transaction may be rescinded.** Such remedy of **rescission shall be available as a defense without time limitation.**

New York Banking Law § 6-l (7) (ii) (11)

Also,
> In any action by an assignee to enforce a loan against a borrower in default more than sixty days or in foreclosure, a borrower may assert any claims in recoupment and defenses to payment under the provisions of this section and with respect to the loan, without time limitations, that the borrower could assert against the original lender of the loan.

New York Banking Law § 6-l (7) (ii) (13)

**10.** It could not have been more clear. This is an objection to proof of claim. POC Defendants demanded, continues to demand payment from the debtor and now they claim that the defense is time barred. It is just not acceptable. Section 61 is a strict liability statute and being a consumer protection statute it is liberally construed in favor of the consumers.

**11.** First, the movant filed a proof of claim-we object to such a claim and we file an objection. It is a defense and "[ such remedy of rescission shall be available as a defense without time limitation." N.Y. Banking Law § 6-1(11) (emphasis added).Rescission is not only an automatic relief to a claim permanently barred from enforcement, it is mandated by New York banking law 6-l.

**12.** Second, Section 6-1(13) specifically states that "[i]n any action by an assignee to enforce a loan against a borrower in default more than sixty days or in foreclosure, a borrower may assert any claims in recoupment and defenses to payment under the provisions of this section and with respect to the loan, without time limitations, that the borrower could assert against the original lender of the loan." N.Y. Banking Law § 6-1(13) (emphasis added). Filing of a Proof of Claim is clearly an action by Movants to enforce a claim.

**13.** Third, it just cannot be that the creditor can move to enforce a claim that which is not enforceable and the debtor cannot a raise of defense of lack of enforceability. *See United States v. Western Pac. R.R. Co.,* 352 U.S. 59, 72, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation."); *see also Luckenbach S.S. Co. v. United States,* 312 F.2d 545, 548-49 (2d Cir.1963) (permitting company to seek a declaratory judgment of non-liability in response to government claim, even though the company's claim would be time-barred if it had sought "affirmative recovery"). Without this exception, potential POC claimants/defendnats could simply wait until all available defenses are time barred and then pounce on the helpless debtor/plaintiff. *See Western Pac. R.R. Co.,* 352 U.S. at 71, 77 S.Ct. 161.

**14.** POC Defendants strangely assert that, "there is no action by Wells Fargo or the Trust to enforce the Loan, and Plaintiff is not asserting any claims in recoupment or defenses to payment." However they have filed a POC. Filing of POC is a continuing demand for payment.

It is also clear that if the POC is honored, and the debtor exit out of the case without fighting it, it leads to a claim preclusion. It is pertinent to mention what the POC defendants had stated earlier, that since it is not a foreclosure, the debtor cannot raise the section 6-l defenses. As foreclosure is a demand for payment, so is POC. Section 6-l clearly bars a foreclosure of the property when its marked as a high cost loan. If the parties cannot foreclose, they also cannot have any claim under claim processing. It is clear that a party that lacks the ability to seek the state-law remedy of foreclosure does not have a right to payment from the debtor. *In re Mims*, 438 B.R. 52, 55 (Bankr. S.D. N.Y. 2010). As properly opined by bankruptcy judge Martin Glen in a recent case:

> Despite the Bankruptcy Code's broad definition of a "claim," U.S. Bank "has not demonstrated its 'right to payment' because ... it lacks the ability to seek the state law remedy of foreclosure." *Mims* 438 B.R. at 56 (citing *Johnson v. Home State Bank* 501 U.s. 78, 81 (1991) (finding that a mortgage foreclosure was a "right to payment" against the debtor)).

*In re Idicula,* 484 B.R. 284 (Bankr. S.D. N.Y., Jan. 10, 2013) (case no.1:12-bk-12120)

**Recoupment permits this POC objection and rescission of loan/lien**

**15.** Recoupment demands that the debtor's obligation be declared as owing "zero" to the POC defendants. Section 6-1(13) specifically states that "[i]n any action by an assignee to enforce a loan against a borrower in default more than sixty days or in foreclosure, a borrower may assert any claims in recoupment and defenses to payment under the provisions of this section and with respect to the loan, without time limitations, that the borrower could assert against the original lender of the loan." N.Y. Banking Law § 6-1(13).

**16.** "[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely." *United States v. Dalm,* 494 U.S. 596, 599, (1990), quoting *Bull v. United States*, 295 U.S. 247 (1935). POC Defendants claims money and do not want responsibility for the lawless transaction. The purpose of statute of limitation, an equitable rule, is not served by allowing one party to enforce claims, while denying the other related defenses. See, e.g., *Burnett v. New York Cent. R.R.,* 380 U.S. 424 (1965) (basic policy behind statute of limitation is to keep stale litigation out of the courts; not to preclude consideration of particular issues if litigation is properly before the court). Traditional federal

and state common law principles of recoupment allows rescission past the statute of limitation when raised in defense of a foreclosure action or in bankruptcy in a response to the lenders proof of claim.

### RECALCULATION OF HIGH COST LOAN

**17.** The movants calculation is wrong, for they exclude title insurance and hazard insurance from their calculation as "points". It was not a neutral cost, the lender received indirect compensation in the form of interest, thus, it must be included as "points." *LaSalle Bank, N.A., II v Shearon* 2009 NY Slip Op 29055 [23 Misc 3d 959] (2009)

Section 6L looks at the closing cost of the loan irrespective of source.

| | | | |
|---|---|---|---|
| A. | Seller paid cost | 23321.30 | |
| | Buyer paid cost | 2515.00 | |
| | Total | 25836.30 | |
| | | | |
| B. | Cost not considered. | 5032.00 | Mortgage tax. |
| | | 4921.00 | County and State Tran. Tax |
| | Total | 9953.00 | |

| | | | |
|---|---|---|---|
| For argument if we add | | 600.00 | Recording Fees, though included pursuant to 12 CFR 226.4 (c)(7) |
| Total | | 10,553.00 | |

Cost which shall be included, title insurance and hazards insurance, as the lender received indirect compensation in the form of interest. N.Y. Banking Law § 6-1(1)(1).

                1179.00    Hazard Insurance

                3042.00    Title Insurance

C. Maximum Points and Fees to Include (A minus B) (25836.30 minus 10,553.00) = 15,283.30


D. Loan Amount ($281,200) minus (C) = 265,916.70

E. 5% of (D) =13,295.83 (Maximum allowable Points and Fees)

F. (C) is NOT LESS THAN (E)-THRESHOLD MET.

This loan is a high cost loan and the defendants did not meet the guidelines of the New York State banking laws 6-l thus the loan is not collectible.

**The movant fail to make a case for dismissal**

18.    Rule 12 (b)(6 ) is not proper filed here in this case. The party moving for dismissal has the burden of showing that no claim has been stated.  A  complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678–679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Claims have been stated with clarity and itemized and backed up by numbers. Further, it must be noticed that the debtor has yet to have discovery in this case.   It is clear that, "when a federal court reviews the sufficient of a complaint, before the reception of any evidence either by affidavit or admission , its task is necessarily a limited one. The issue s not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swerkiewicz v. Sorema,* N.A., 534 U.S. 506, 511 (2002). Dismissal is not proper under Rule 12 (b)(6) on if it is, "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 514 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A plaintiff is "not required on the fact of the complaint to allege every legal element or fact that must be proven" to support a particular claim. *Kingman Park Civic Ass'n v. Williams*, 348 F. 3d 1033, 1039 (D.C. Cir. 2003). In fact it is generally accepted that "a complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegation." *Tolle v. Carrol Touch, Inc.*, 977 F. 2d 1129, 1134 ( 7th Cir. 1992); see also *Morales-Vallellanes v. Potter*, 339 F.3d  9, 14 (1st Cir. 2003); *Simonton v. Runyono,* 232 F. 3d 33, 36-37 (2nd Cir. 2000). Thus for example, "[b]ecause racial discrimination in employment is a 'claim upon which relief can be granted,'" . . . 'I was turned

down for a job because of my race' is all a complaint has to say." *Bennett v. Schmidt*, 153 F. 3d at 518.

19    Thus in reviewing a Rule 12 (b)(6) motion, a court must accept as true all factual allegations contained in the complaint, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and assume all reasonable factual inferences that can be drawn from those facts in the plaintiff's favor. See, e.g., *Garfield v. NDC Health Corp.*, 466 F. 3d 1255, 1261 (11th Cir. 2006); *E. Food Servs. v. Pontitfical Catholic Univ. Serv. Ass'n*, 357 F.3d 361, 374 n. 7 (3d Cir. 2002).

20.    The debtor has alleged that he is a victim of discrimination as the defendants targeted and or its lending practices had a disparate impact.

21.    The debtor also attaches herewith the response that which was filed in the earlier case against the dismissal of the case and it be read as a part of the response to the instant motion to dismiss.

22.    The debtor is clearly a victim, it would be travesty to justice for him not to see the light of justice and his cry for it, cannot be buried under untenable layers of technicalities. Wherefore the motion for the movants must be denied in all aspects, so that the debtor can prove his case.

Dated: New York New York
       February 14, 2014

_____
Karamvir Dahiya for Debtor Plaintiff